## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS BASTARDO VALE,** | : | **CIVIL NO. 1:15-CV-2249** |
| | : | |
| **Petitioner,** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **MARY SABOL, et al.,** | : | |
| | : | |
| **Respondents.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

Following service of his sentence in state court for unlawful imprisonment assault, the petitioner, Carlos Vale, a Venezuelan national, was placed in immigration removal proceedings, and was detained pursuant to a mandatory detention statute, 8 U.S.C. §1226(c), for approximately 14 months while these immigration proceedings have progressed.  Currently, the status of these proceedings is that Vale's amnesty request was granted by an immigration judge and there is an appeal of that decision by the government pending before the Board of Immigration Appeals.  (BIA).  Thus, these proceedings are on-going, and there is no reasonably foreseeable conclusion to this litigation on the merits of Vale's removal.  Yet, while this merits litigation

continues without a predictable or foreseeable outcome, Vale remained held without any bail consideration for more than a year.

With the passage of more than one year in immigration detention, the petitioner came before this court on a petition for writ of habeas corpus, (Doc.1.), seeking an individualized bail consideration.  We concluded that in these circumstances basic considerations of due process now required that Vale receive prompt, individualized bail consideration, at a hearing where the government bears the burden of proving that Vale's continued detention is necessary to fulfill " 'the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community.' " <u>Chavez-Alvarez v. Warden York Cnty. Prison</u>, 783 F.3d 469, 475 (3d Cir. 2015).  Accordingly, on December 14, 2015, we directed that Vale receive this bail consideration from an Immigration Judge, while we retained the authority to conduct our own individualized bail consideration, if necessary, as part of this court's federal habeas corpus jurisdiction.

On December 23, 2015, the Immigration Judge conducted an individualized bail hearing for Vale and ordered Vale released on a $40,000 bond.  We then conducted a status conference with counsel on January 13, 2016, where it was reported that Vale's family had posted bond for the petitioner, and secured his release.  In light of these developments, it is now recommended that this petition be dismissed as moot.

**II.** **Discussion**

In light of the action recently taken by immigration officials, providing Vale an individualized bail hearing in which a bond was set, and satisfied, securing the petitioner's release this case is now moot and should be dismissed.  The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).  In the context of habeas corpus petitions mootness questions frequently turn on straightforward factual issues.  Thus:

> [A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.  Lane v. Williams, 455 U.S. 624, 631(1982).  This general principle derives from the case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit."Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted).  In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477(citations omitted).

DeFoy v. McCullough, 393 F.3d 439, 441-442 (3d Cir. 2005)

The mootness doctrine often applies with particular force to habeas petitions filed in immigration matters.  In the context of federal habeas corpus petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot.  Burke v. Gonzales, 143 F. App'x 474 (3d Cir. 2005); Gopaul v. McElroy, 115 F. App'x 530 (3d Cir. 2004).  Thus, for example, courts have spoken directly to the issue presented here; namely, whether, the release of an immigration detainee from ICE custody renders moot any further complaints regarding the fact of that detention. In Sanchez v. Attorney General, 146 F. App'x 547 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that for petitioners who challenge their continued immigration custody pending removal proceedings, a decision by immigration officials releasing the alien pending completion of removal proceedings makes the habeas petition entirely moot, and compels dismissal of the petition. Sanchez , 146 F. App'x at 548-49.

While the Sanchez decision is not precedential, it is highly persuasive as a "paradigm of the legal analysis [this Court] should . . . follow." Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996).  We find the reasoning in Sanchez compelling and conclude, consistent with Sanchez, that the dismissal of this petition as moot is appropriate here since the petitioner has already received the relief he

sought, and individualized bail hearing and release from ICE custody pending completion of his removal proceedings.[1]

### III.   **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Petition be DISMISSED as moot.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition

---

[1]The petitioner has noted that the Immigration Judge decision setting bail conditions for Vale also opined that if the government prevailed on its appeal of Vale's favorable amnesty ruling it could remand Vale into immigration custody and further detain the petitioner. Voicing a concern that immigration officials may at some future date attempt to follow the course suggested by the Immigration Judge, the petitioner invited us to retain jurisdiction in this case. We should decline this invitation, but without prejudice to the petitioner coming back before this court if future changed circumstances justified habeas relief. In our view, at present Vale has obtained the relief which we could provide, release after an individualized bail hearing. We believe that the observations regarding potential future detention for Vale made by the Immigration Judge in the decision setting bail, are merely dicta. Further, before that dicta could have any significance several events would have to transpire: Vale would have to lose the appeal before the BIA; removal proceedings would have to be renewed; and immigration officials would have to elect to seek to further detain Vale. Given these many contingencies which must come to pass before there is any further legally cognizable dispute between these parties, we believe that this case is now moot. However, if future developments in this case create a right to habeas corpus relief, the petitioner may always seek that relief by either moving to re-open this case, or by filing a new habeas corpus petition. We stand ready to hear and resolve these claims should they arise. For the present, however, we will not try to anticipate the future vagaries of this immigration litigation.

of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 14th day of January, 2016.


*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge